UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER E. ASHLOCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:11-CV-204 JD |
| v. | ) |
| | ) |
| GERALD MYERS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Christopher E. Ashlock, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

While being held at the Indiana State Prison, Ashlock alleges that he was denied medical treatment for facial injuries he suffered when he was attacked by other inmates on May 15, 2010.

Ashlock states that he saw Dr. Gerald Myers on May 17, 2010, and that x-rays were taken. Also on that day he saw an oral surgeon who wired his jaw shut and told him that he would probably have surgery in a few days. On June 11, 2010, he was given an MRI. Then on June 16, 2010, he was seen by a doctor at Wishard Hospital who scheduled him for surgery on July 28, 2010. On that date, he did not have surgery because the surgeon said that the risks were too great. As a result of how long it had been since his injury, his broken face had healed in the wrong position. Thus, he is "left with a disfigured face, constant pain in my face and nasal, and a constant drain in my nasal." ECF 1 at 4.

Ashlock names four defendants: Dr. Gerald Myers, Superintendent Bill Wilson, Commissioner Edwin G. Buss, and John Doe. First, the John Doe defendant must be dismissed because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under FED. R. CIV. P . 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). If at some point in the future, Ashlock can identify and name a defendant against whom he can state a claim, then he can attempt to amend his complaint at that time. For now, retaining "John Doe" as a defendant serves no purpose and he will be dismissed.

Second, although Ashlock has named Superintendent Bill Wilson and Commissioner Edwin G. Buss as defendants, he does not allege that they were involved in medical care or even that they knew anything about it. This does not state a claim because, "[a] plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008) (citation omitted). Furthermore,

2

even if they did know something about his need for medical treatment, neither of them are medical professionals – they are prison administrators.

> If a prisoner is under the care of medical experts a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. This follows naturally from the division of labor within a prison. Inmate health and safety is promoted by dividing responsibility for various aspects of inmate life among guards, administrators, physicians, and so on. Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor.

*Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) (ellipsis omitted) *quoting Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004). Here, Ashlock was under the care of several doctors. Based on the facts alleged in this complaint, it is not plausible to infer that Superintendent Bill Wilson or Commissioner Edwin G. Buss was not justified in believing that the medical attention being provided was proper and adequate. Therefore the claims against them will be dismissed.

That leaves Dr. Gerald Myers as the sole remaining defendant. In medical cases, the Eighth Amendment is violated only when a defendant was deliberately indifferent to an inmate's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997).

> For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment.

*Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). Medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000). Neither does mere "disagreement with medical professionals . . . state a cognizable Eighth Amendment Claim under the deliberate indifference standard of *Estelle v. Gamble* [429 U.S. 97 (1976)]." *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). Here,

giving Ashlock the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he has stated a claim against Dr. Gerald Myers for delaying his medical treatment.

In addition, Ashlock alleges that he is in ongoing pain as a result of his disfigured face. Based on the injuries he has described, it is easy to accept that is true. Nevertheless, Ashlock has provided no factual basis for inferring that his pain is the result of Dr. Myers' deliberate indifference. In this complaint, he has said nothing about what treatment and medication he has received (or been denied) since July 2010, nor does he mention how Dr. Gerald Myers has been involved with his care.

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. ___, ___; 129 S. Ct. 1937, 1949; 173 L. Ed. 2d 868, 884 (2009) (quotation marks and citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.,* 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). Therefore any claims related to his ongoing treatment, including his requests for injunctive relief, must be dismissed.

For the foregoing reasons, the court:

(1) **GRANTS** Christopher E. Ashlock leave to proceed against Dr. Gerald Myers in his individual capacity for monetary and punitive damages for denying him medical treatment for his facial injuries between May 17, 2010, and July 28, 2010;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Superintendent Bill Wilson, Commissioner Edwin G. Buss, and John Doe;

4

(4) **DIRECTS** the clerk to transmit the summons and USM-285's for Dr. Gerald Myers to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Dr. Gerald Myers; and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Gerald Myers respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claims for which the plaintiff has been granted leave to proceed in this screening order.[1]

SO ORDERED.

ENTERED: August 8, 2011

/s/ JON E. DEGUILIO
Judge
United States District Court

---

[1] N.D. IND. L.R. 10.1 does not require a verbatim, paragraph by paragraph recitation and response to *pro se* complaints.