UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER E. ASHLOCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 3:11-CV-00204-JD-CAN |
| | ) |
| GERALD MYERS, M.D. | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Christopher Ashlock, a prisoner formerly confined at the Indiana State Prison, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that Dr. Gerald Myers, a physician previously employed by the Indiana Department of Corrections, violated his Eighth Amendment right to be free of cruel and unusual punishment. [DE 1 at 3]. Ashlock asserts that Dr. Myers was deliberately indifferent towards his need for reasonable medical care and exposed him to unnecessary and wanton infliction of pain. [DE 1 at 3-4]. Dr. Myers has moved for summary judgment, pursuant to FED. R. CIV. P. 56, on the question of whether Ashlock exhausted his available administrative remedies as required by 42 U.S.C. § 1997e(a). [DE 14 at 1]. Despite several extensions of time, Ashlock, now represented by counsel, has chosen not to respond. [DE 28]. The court now denies the motion.

### Material Facts Not in Dispute

Ashlock was incarcerated at the Indiana State Prison on May 15, 2010. [DE 17-2 at 1]. He was confined there until his transfer to the Wabash Valley Correctional Facility on June 25, 2010. [DE 17-2 at 1]. Both the Indiana State Prison and the Wabash Valley Correctional Facility have the

1

same Offender Grievance Program. *Id.* The program requires inmates to file a grievance within twenty (20) working days from the date of the alleged incident. *Id.*. Ashlock did not file a grievance through the Offender Grievance Program at any time when he was confined at Indiana State Prison. [DE 17-2 at 2]. He did, however, file an unrelated grievance while he was incarcerated at Wabash Valley Correctional Facility on September 27, 2010, concerning the handling of his personal property. *Id.*

In his verified complaint, however, Ashlock alleged that, while he was at the Indiana State Prison, he did submit a "request slip" to his Case Manager in order to receive a "grievance form." [DE 1 at 2]. He maintains that he had a conversation with his Case Manager, named Robertson, in which he was informed that "when filing a law suit for damages, there's no longer a reason to file a grievance, you have to file a tort claim, which [Ashlock] did." [DE 1 at 2-3]. Ashlock asserts that this conversation was the reason he did not file the grievance. [DE 1 at 2].

**Standard of Review**

Failure to exhaust available administrative remedies is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Therefore, at summary judgment the burden is on the defendant to establish that no material disputes exist concerning that defense. *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011). Summary judgment is only appropriate if "there are no genuine issues of material fact and judgment as a matter of law is warranted for the moving party." *Gross v. PPG Indus., Inc.*, 636 F.3d 884, 888 (7th Cir. 2011). All facts and reasonable inferences are to be construed in favor of the nonmoving party. *Nation v. Am. Capital, Ltd.*, 682 F.3d 648, 651 (7th Cir. 2012). The nonmoving party may not "rest on mere allegations or denials in its pleadings." *Serednyj v. Beverly Healthcare, LLC,* 656 F.3d 540, 547 (7th Cir. 2011). However, when a party with personal

knowledge makes specific factual assertions in its pleadings, declares under penalty of perjury that the pleading is true, and signs the pleading, the factual assertions may be weighed as evidence just as if they were contained in an affidavit. *Ford v. Wilson*, 90 F.3d 245, 246 (7th Cir. 1996). That is the case with respect to the complaint Ashlock filed here. [DE 1]. Finally, a *pro se* complaint is to be liberally construed and held to less stringent standards than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**Discussion**

Pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), prisoners must exhaust all available administrative remedies before they may file a § 1983 claim regarding the conditions of confinement. *Jones* , 549 U.S. at 204. Exhaustion of remedies is required, "regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001). For the purposes of § 1997e(a), grievances regarding medical treatment in prison are complaints about "prison conditions." *Witzke v. Femal*, 376 F.3d 744, 751 (7th Cir. 2004). When faced with a question of exhaustion under the PLRA, "[t]he court must not proceed to render a substantive decision until it has first considered § 1997e(a)." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 534 (7th Cir. 1999).

The Seventh Circuit has taken a "strict compliance approach" to the exhaustion requirement. *Maddox v. Love*, 655 F.3d 709, 721 (7th Cir. 2011). However, while "there is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court," *Jones*, 549 U.S. at 210, a prisoner "is required to exhaust only '*available*' administrative remedies." *Hurst v. Hantke*, 634 F.3d 409, 411 (7th Cir. 2011) (emphasis added). An administrative remedy is unavailable to a prisoner under § 1997e(a), and therefore need not be exhausted, if prison officials

3

either intentionally or accidentally misrepresent the grievance procedures or otherwise prevent the prisoner from utilizing them. *See Pavey*, 663 F.3d at 906 (administrative remedies are unavailable if "prison officials erroneously inform an inmate that the remedy does not exist or inaccurately describe the steps he needs to take..."); *Hurst*, 634 F.3d at 411 ("a remedy is not available if essential elements of the procedure for obtaining it are concealed."); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) ("a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting."); *Curtis v. Timberlake*, 436 F.3d 709, 711 (7th Cir. 2005) (prison officials who "encourage, or even invite noncompliance" with grievance procedures render those remedies unavailable).

Ashlock brings an Eighth Amendment claim against Dr. Myers, alleging that Dr. Meyers failed to ensure Ashlock received prompt medical treatment after Ashlock was attacked by other inmates. [DE 1 at 2-3]. He claims the delay in receiving treatment resulted in serious pain and disfigurement. [DE 1 at 3]. Dr. Myers asserts that he is entitled to summary judgment on Ashlock's Eighth Amendment claim because Ashlock failed to file a grievance with the Indiana State Prison prior to filing his action in court and therefore did not exhaust available administrative remedies. [DE 14 at 1].

Ashlock filed his complaint in this action on May 13, 2011. [DE 1 at 1]. At no time did Ashlock file a grievance at the Indiana State Prison regarding the subject matter of this lawsuit. [DE 16 at 2]. However, Ashlock claims that he was told by his Case Manager that there was "no longer a reason to file a grievance" since he wanted to pursue a medical lawsuit and that he would "have to file a tort claim" instead. [DE 1 at 2-3]. He also maintains this conversation was the reason he did not proceed any further with a formal grievance. [DE 1 at 2]. Ashlock has declared under the penalty

4

of perjury that the factual assertions contained in his complaint were true, and he signed the complaint to that effect. [DE 1 at 5]. Therefore, for the purposes of summary judgement, any specific factual assertions in his complaint may be weighed as evidence just as if they were contained in an affidavit. *Ford*, 90 F.3d at 246. If the conversation between Ashlock and his Case Manager occurred as Ashlock has claimed, it could render the administrative remedies at Indiana State Prison "unavailable" for purposes of 42 U.S.C. § 1997e(a). Assuming that Ashlock's Case Manager advised him that there was "no longer a reason to file a grievance" and that he "had to file a tort claim", the Case Manager's instructions could be considered an erroneous or inaccurate misrepresentation that precluded Ashlock from properly following grievance procedures, rendering those remedies unavailable. *Pavey*, 663 F.3d at 906. That is an acceptable defense to his failure to exhaust.

In Dr. Myers' Answer to the Complaint, he merely stated that he "lacks sufficient information at this time to admit or deny whether Plaintiff has exhausted the grievance procedure prior to filing suit." [DE 12 at 2]. Further, at no point in his Brief in Support of the Motion for Summary Judgment does Dr. Myers deny the substance of the conversation recounted in the complaint, or deny that it took place. Nor does Dr. Myers provide any evidence to weigh against Ashlock's account of the conversation. For that reason, the ordinary rule – that facts included in a summary judgment motion which are not responded to are deemed admitted – is irrelevant. Ashlock can admit *all* of the facts alleged by the defendant, including that he failed to file a grievance, etc., without contradicting *any* of the factual assertions contained in his verified complaint that defeat the non-exhaustion defense.

On summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Shaffer*

5

*v. AMA*, 662 F.3d 439, 443 (7th Cir. 2011), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Where "competing reasonable inferences" can be drawn, the court is "obligated to view the record in the light most favorable to [the nonmoving party] and to refrain from weighing the evidence or deciding which inferences to draw[.]" *Id.* at 446. In order to prevail on his Motion for Summary Judgment, Dr. Myers has the burden of showing that no material disputes exist concerning his defense of non-exhaustion. *Id.* at 903. Viewing all facts and reasonable inferences in favor of Ashlock, *see Nation*, 682 F.3d at 651, and liberally construing Ashlock's *pro se* complaint, *see Erickson*, 551 U.S. at 94, a genuine issue of material fact does exist that makes judgment as a matter of law on non-exhaustion grounds unwarranted. *Gross*, 636 F.3d at 888.

## Conclusion

For the foregoing reasons, the court **DENIES** the Defendants' Motion for Summary Judgment. [DE 14].

SO ORDERED.

ENTERED:  September 12, 2012

                                                                                 /s/ JON E. DEGUILIO
                                                          Judge
                                                          United States District Court